UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>JACOB S. ADAMS, JR.,<br><br>*Defendant.* | Crim. Action No.: 3:00-cr-00697<br><br>**MEMORANDUM<br>AND ORDER** |

This matter returns to the Court on Defendant Jacob Adams's Motion for Reconsideration (ECF No. 183) of the Court's October 14, 2020 Memorandum and Order denying Defendant's motion for compassionate release (ECF No. 176). The Court heard oral argument on November 16, 2020. For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

Defendant was convicted on three separate counts of using a firearm during the commission of a crime of violence, contrary to 18 U.S.C. § 924(c), and was sentenced to a 51-year term of imprisonment. He has served approximately 20 years of that sentence. In his moving brief, Defendant argued that compassionate release was warranted based on (1) the elimination of stacked mandatory minimum sentencing under 18 U.S.C. § 924(c) in 2018; (2) his exemplary behavior and rehabilitation in prison; and (3) the present health risk posed by COVID-19.

The Court did not find that extraordinary and compelling reasons for compassionate release were present but noted that "had Defendant served 27 years – his probable sentence under the present-day § 924(c) – the Court may consider his argument more persuasive."

1

Because Defendant had served only 20 years at the time of his motion, the Court determined that he should "serve the full sentence he would have received had he been sentenced after § 924(c) was amended." Based on that language, Defendant moved for reconsideration to ask this Court to reduce his sentence to 322 months – the term he would have received had he been sentenced after § 924(c) was amended – rather than denying his compassionate release motion in its entirety. (ECF No. 183 at 1). He posits that "[t]he Court appears to have believed that 18 U.S.C. § 3582(c)(1)(A) presented a binary decision between time-served and no reduction at all." (*Id.* at 2).

The United States opposed the motion, arguing that because Defendant originally sought time-served and is now requesting a sentence reduction, his motion is not one for reconsideration but, rather, a request for novel relief. (ECF No. 185 at 1-2). It claims that COVID-19 – which was one of the factors Defendant relied on in his compassionate release motion – does not support a sentence reduction seven years in advance. (*Id.*). Finally, it argues that Defendant has failed to meet any of the criteria that control a court's reconsideration of a prior order. (*Id.* at 2).

At oral argument on November 16, 2020, defense counsel explained several benefits of reducing Defendant's sentence at this early stage, including: (1) BOP could recalculate his sentence, which could reduce his remaining time to be served; and (2) additional resources could become available sooner than if he waited to move for a sentence reduction in the future.

## **DISCUSSION**

A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). In the present motion, Defendant has not established a basis for this Court to reconsider

its October 14, 2020 order. There has been neither a change in controlling law nor new evidence presented since the Court rendered its prior decision. Defendant does not argue that the Court made a clear error of law or that manifest injustice will ensue if Defendant moves for a sentence reduction closer to the time of his anticipated release.

Defendant points to several potential benefits of obtaining a sentence reduction now, but the Court believes that determinative changes may occur during the next seven years. For example, the United States Sentencing Commission could issue guidelines regarding the former stacking provision of § 924(c), and whether such sentences should be re-examined. A decision by the Sentencing Commission would be more definitive and lead to uniform results for similarly situated defendants. Moreover, the conduct and progress of Defendant toward rehabilitation should be reviewed at the proximate time of release. At this time, a reduction is premature. Therefore, this Court declines to exercise its authority to reduce Defendant's sentence.

## ORDER

This matter is before this Court on Defendant's motion for reconsideration (ECF No. 183); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 23rd day of November, 2020,

**ORDERED** that Defendant's motion for reconsideration (ECF No. 183) is **denied**.

_____
PETER G. SHERIDAN, U.S.D.J.